**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-CV-81366-ROSENBERG**

UNITED STATES OF AMERICA
f/u/b SITEONE LANDSCAPE SUPPLY,
et al.,

       Plaintiffs,

v.

EVEREST REINSURANCE CO.,
et al.,

       Defendants.

_____/

**ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF**
**DEFENDANT SUNFLOWER AND DENYING THE PLAINTIFFS'**
**RENEWED MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE**

This matter is before the Court on the Plaintiffs' Renewed Motion for Default Judgment at docket entry 55. The Court previously granted summary judgment in favor of two of the four Defendants in this case: G&C LLC and Everest Co. DE 53. The basis for the Court's entry of summary judgment was that the Plaintiffs previously entered into an agreement to release their claims against both companies. *Id.* Because the release was both broad and unambiguous, the Court concluded that G&C and Everest were entitled to summary judgment. *Id.*

But not every Defendant in this case elected to appear and defend. Instead, there are two named Defendants who have defaulted: Sunflower Co. and Mr. Carlos Pulido. However, because the breadth of the Plaintiffs' release appeared to encompass their claims against Sunflower, the Court required the Plaintiffs to explain why it would not be inconsistent to apply the release to

some, but not all, of the Defendants. *Id.* at 8-10.  In response, the Plaintiffs filed the renewed Motion before the Court.

In the renewed Motion, the Plaintiffs argue that the reason it would not be inconsistent is because their claims against the defaulted Defendants are premised upon state law (breach of contract), while the claim at issue at summary judgment is premised upon federal law (a claim under the Miller Act). DE 55 at 2.  That argument might be persuasive if the release of claims was a *partial* release—such as an agreement to release only federal Miller Act claims—while leaving other sorts of claims undisturbed.  But the release could not be broader.  The release reads as follows:

> 3. Lower-tier Subcontractor/Supplier does hereby forever release, waive, and discharge the Contractor/Owner Parties from any and all causes of action, suits, debts, accounts, damages, encumbrances, judgments, claims and demands whatsoever, in law or equity which Lower-tier Subcontractor/Supplier and/or its successors and/or assignees ever had or now has against the Contractor/Owner Parties by reason of work, labor, services, material and/or equipment furnished for the Project, but only for work, labor, services, material, and/or equipment furnished through the Effective Date, and Lower-tier Subcontractor/Supplier hereby agrees to indemnify and hold the Contractor/Owner Parties harmless from any and all damages, costs, expenses, demands, suits, and legal fees, directly or indirectly relating to any claim or lien by any party for work, labor, services, material and/or equipment which relates to that which was performed or should have been performed by or for Lower-tier Subcontractor/Supplier, through the Effective Date.

DE 39-3 at 1.  The release, which applies to "any and all" causes of action that the Plaintiffs "had or now has" applies to "Contractor/Owner Parties." *Id.*  As the Court explained in its prior Order, that defined term expressly includes Sunflower.[1] DE 53 at 8-9.  The Court therefore concludes that it would be inconsistent to find that the release entitles G&C and Everest to summary judgment, but not Sunflower.  As for whether the release applies to the Plaintiffs' claim against the fourth and final Defendant, Mr. Pulido, the Court has doubt.

---

[1] The release is also dated long after the events that gave rise to potential liability against the defaulted Defendants. DE 1 at 5.

The definition of "Contractor/Owner Parties" is as follows:

1. Lower-tier Subcontractor/Supplier has received payment in full, less retainage, for all work, labor, services, material and/or equipment furnished for the Project through the 26 day of Jan , 2023 (the "Effective Date"), and Lower-tier Subcontractor/Supplier hereby affirms that there are no outstanding claims of any nature against Subcontractor, General Contractor, the Owner of the Project, its lender(s), each and every party acquiring title to and/or making a loan on the Project and the title company or companies examining and/or insuring title to the Project and/or any and all of their principals, members, officers, employees, successors and/or assigns (collectively, the "Contractor/Owner Parties") in connection with this Project, with only the following exceptions:

DE 39-3 at 1. While the definition does not clearly and expressly include Mr. Pulido, the definition does encompass "any and all of their principals, members, officers, employees, successors, and assigns." *Id.* Does this definition encompass members and employees of Sunflower? Is Mr. Pulido an employee or member of Sunflower? The Court is uncertain.

Consistent with that uncertainty, the Plaintiffs point out in their renewed Motion that they have not clarified any facts surrounding Mr. Pulido in either their Complaint or their record evidence. DE 55 at 3 ("Pulido is not specifically named in the Partial Release, and there is no record evidence from which [the Court] could conclude that he falls into any of the categories of persons identified."). The Plaintiffs' silence on Mr. Pulido's relationship to Sunflower, and the Plaintiffs' insinuation that, notwithstanding their silence, Mr. Pulido may not be a "principal, member, officer, employee, successor, [or] assignee" of Sunflower, runs contrary to common sense. This is so because Plaintiffs allege that Mr. Pulido personally guaranteed the debts of Sunflower. DE 1 at 3. If Mr. Pulido guaranteed Sunflower's debts, it stands to reason that Mr. Pulido has some sort of ownership or employment interest in Sunflower.

In any event, this Court has a duty and obligation to ensure that there is an evidentiary basis for the entry of judgment against a defaulted party. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, this Court may conduct an evidentiary inquiry to determine the truth of an

allegation by evidence or to determine the amount of damages.  If the Plaintiffs' position is that Mr. Pulido is not covered by the release, the Plaintiffs must satisfy the Court on two fronts.  First, the Plaintiffs must provide legal argument as to why the release would or would not cover the "principals, members, officers, employees, successors, and assigns" of Sunflower.   Second, assuming the Court concludes that the release does cover the "principals, members, officers, employees, successors, and assigns" of Sunflower, the Plaintiffs must provide evidence that establishes that Mr. Pulido is none of those things.[2]  The Plaintiffs may therefore seek a default judgment against Mr. Pulido in a second renewed motion for default judgment, consistent with this Order.

Turning from Mr. Pulido back to Sunflower, there cannot be inconsistent judgments between Defendants. *Frow v. De La Vega*, 82 U.S. 552 (1862).  In the Eleventh Circuit, this principle even applies to defendants who are jointly and severally liable, provided the defendants have closely related defenses. *Global Aerospace, Inc. v. Platinum Jet Mgmt.*, No. 09-CV-60756, 2009 WL 3400519, at *4 (S.D. Fla. Oct. 20, 2009) (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984)).  To prevent inconsistent judgments at the summary judgment phase of a proceeding (when a non-defaulting defendant prevails), the Court must enter summary judgment in favor of the defaulted party. *E.g.,* C. Wright & A. Miller, *Federal Practice & Procedure*, § 2690.  The Court therefore enters summary judgment in favor of Sunflower for the same reasons it entered summary judgment in favor of G&C and Everest.

---

[2] The Court notes that there is a document in the record that strongly implies Mr. Pulido is the corporate president of Sunflower. DE 1-3 at 2.

4

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Plaintiff's Renewed Motion for Default Judgment [DE 55] is **DENIED WITHOUT PREJUDICE** and that **SUMMARY JUDGMENT** is hereby **ENTERED** in favor of Defendant Sunflower.   The Plaintiffs shall file any second renewed motion for default judgment within five business days of the date of rendition of this Order.   Finally, in light of the procedural posture of this case the Clerk of the Court shall mark this case as **CLOSED**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 24th day of January, 2025.

UNITED STATES DISTRICT JUDGE
ROBIN L. ROSENBERG

5